UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DEARICE CATES,<br><br>Petitioner,<br><br>v.<br><br>RANDY LEE, Warden,<br><br>Respondent. | No.: 2:16-CV-94-RLJ-MCLC |

## MEMORANDUM and ORDER

Before the Court is Dearice Cates' counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241, attacking his September 21, 2006 judgment, convicting him of especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, assault, and aggravated burglary [Doc. 1].[1] Though the petition does not contain an express plea for habeas corpus relief, Petitioner maintains that this Court is required to vacate his conviction for especially aggravated kidnapping "because he was denied the due process of law in failing to instruct the jury that the Especially Aggravated Kidnapping must be more than incidental to the commission of the other felonies" [*Id.* at 3]. Petitioner concludes that "[s]ince there is no specific statutory method provided for review of this issues (sic), this matter is properly before the Court" [*Id.* at 4].

---

[1] While the face of the § 2241 petition does not supply the location of the convicting state court, this Court takes judicial notice that the judgment challenged in Petitioner's previous habeas corpus petition, filed under 28 U.S.C. § 2254, was identified as a September 6, 2006, Knox County Criminal Court judgment for especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, assault, and aggravated burglary. *See Cates v. Sexton*, No. 3:13-cv-638 (E.D. Tenn. Oct. 21, 2013) [Doc. 2 p.1]. It seems obvious that the instant petition is attacking the same state court judgment.

Petitioner's conclusion that a § 2241 petition is the appropriate statutory vehicle to challenge his state court conviction is not supported by habeas corpus law. Despite the labeling of his submission as a § 2241 petition, this filing is governed by 28 U.S.C. § 2254 and all related statutory restrictions. *See Rittenberry v. Morgan*, 468 F.3d 331, 337-38 (6th Cir. 2006) (finding that 28 U.S.C. § 2241 does not provide a separate "gate" through which state prisoners may seek habeas corpus relief from their convictions); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) ("We agree with those circuits that have held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371–72 (6th Cir. 2001) ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.") (quoting with approval *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

The Court is required to promptly examine the petition pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts and determine whether the petition should be dismissed or answered by Respondent. A review of the filing leads the Court to conclude that the petition is a second or successive § 2254 petition.

Under 28 U.S.C. § 2244(3)(A), a prisoner must obtain authorization from a court of appeals before a second or successive petition may be filed in a district court. Petitioner has filed a prior habeas corpus petition under § 2254, and it was dismissed as untimely. *See Cates v. Sexton*, No. 3:13-CV-638 (E.D.Tenn. Dec. 10, 2013) (order of dismissal). A dismissal on statute of limitations grounds operates as a merits ruling for purposes of second or successive petitions. *See Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (addressing issue in context of a

§ 2255 motion); *Wojnicz v. Woods*, No. 2:09-CV-258, 2010 WL 882837, at *1 (W.D. Mich. Mar. 9, 2010) (same, § 2254 petition) (citing *Villanueva*, 346 U.S. at 60 n.1). The "second or successive" provisions of § 2244 apply to a petition filed under § 2241. *Long v. Commonwealth of Ky.*, 80 F. App'x 410, 414 (6th Cir. 2003) ("We find that the provisions of § 2244 regarding successive petitions apply to Long's § 2241 petition.").

Accordingly, the Court finds that the § 2241 petition filed in this case is a second or successive petition subject to § 2244(b)(3). The Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Thus, the Clerk is **DIRECTED** to transfer this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

**ENTER:**

                                           /s/ Leon Jordan
                                           LEON JORDAN
                                   UNITED STATES DISTRICT JUDGE

3

Case 2:16-cv-00094-RLJ-MCLC Document 3 Filed 05/04/16 Page 3 of 3 PageID #: 10